THE TRUSTEES OF THE METHODIST EPISCOPAL CHURCH AT HOBOKEN *vs.* THE MAYOR, &C., OF HOBOKEN.

The act of April 7th, 1868, authorizing the municipal authorities of Hoboken to purchase of the trustees of the Methodist Episcopal church the fee of a tract of land, which had been dedicated as a public square, (but which the trustees had bought and erected a church thereon,) and *afterwards* to convert the church into a town hall, does not annul the dedication and destroy the easement of the public; the authorities may never purchase the fee.

---

This matter was argued on a rule to show cause why an injunction should not issue against the defendants.

*Mr. Ransom,* in support of the rule.

*Mr. Abbett,* contra.

THE CHANCELLOR.

In 1804, John Stevens, who then owned a tract of land which is now the city of Hoboken, caused it to be laid out in blocks and lots, with streets and squares, by a map which he filed in the clerk's office of the county of Bergen, in which Hoboken at that time was. The lots in the tract, or a large proportion of them, were afterwards sold by reference to that map. The Hoboken Land and Improvement Company, in whom the title of Stevens was vested by two deeds, dated in

1846 and 1860, respectively sold and conveyed to the complainants part of a tract on said map, laid out as a public square. On the part so conveyed, the complainants afterwards, at great expense, erected their church.

Some years after this, the defendants, in the year 1865, brought an action of ejectment in the Supreme Court, to recover possession of this tract conveyed to the complainants, and of the church erected upon it. The Supreme Court determined that, by the map and sales of the property, the block of which this tract is part was dedicated to the public for a square; that the conveyance to the complainants only conveyed the fee, subject to the easement of the public; and that the defendants, as the proper municipal corporation, were entitled to recover possession of the tract for the use of the public, whom they for this purpose represent. And thereupon, judgment was given in that court, that the defendants should recover the possession against the complainants.

The defendants afterwards procured the passage of an act of the legislature, approved April 7th, 1868, by which they were authorized to purchase of the complainants, the fee of the tract, including the building, at a price not exceeding $10,000, and authorizing them, after they should have purchased the fee of the land upon which the church stands, to convert it into a city hall.

The defendants, after some negotiation with the complainants, who were willing to accept the sum which the defendants were authorized to pay, broke off the negotiation, refused to make the purchase, and threatened to sue out a writ of *habere facias possessionem*, and take possession of both land and building, without paying anything. The application is for an injunction, on the ground that the only right which the defendants had to recover at law—which was the dedication to the public—has been annulled by the act authorizing them to convert it into a city hall.

The title or fee of the land is in the complainants. That title is subject to an easement which belongs to the public, which is the right to have it kept open and enjoyed as a

public square.  The defendants have no estate in it; their only right is the power and duty, as representatives of the public, to see to it, that the public are not hindered in the enjoyment of their rights there; and to affect this, they may maintain ejectment against any one who takes possession of and occupies it to the exclusion of the public.

The legislature may have the right, so far as the public is concerned, to annul the dedication, and yield up the right of the public; but they have no power, if the owners of the surrounding lots have the right as appurtenant to their lots to have this square kept open as a public square, to permit its occupation as against them for a town hall; nor to subject the title or fee, which is owned by the complainants, to a different easement from that which encumbered it when they acquired title.

If the act of 1868 had unconditionally and immediately authorized the occupation of the tract for a city hall, it would have destroyed the easement of the public, and with it the right of the defendants to take the possession for the public.  But the right to convert it into a town hall does not arise until after they shall have purchased the fee from the complainants.  The defendants may never do this.  The public right is unimpaired, and the defendants have a right to the possession for the use of the public.

The injunction must be denied.